453 F.2d 374
 79 L.R.R.M. (BNA) 2136, 67 Lab.Cas. P 12,316
 NATIONAL LABOR RELATIONS BOARD, Petitioner, and Distillery,
Rectifying, Wine and Allied Workers International
Union of America, AFL-CIO, Intervenor,
v.
MEDLEY DISTILLING COMPANY, Inc., Respondent.
 No. 71-1385.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 20, 1971.
 
 Eugene B. Granof, N. L. R. B., Washington, D. C., for petitioner; Eugene G. Goslee, Acting Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Madge F. Jefferson, Attys., N. L. R. B., Washington, D. C., on brief.
 Joseph A. Yocum, Evansville, Ind., for respondent; Arthur R. Donovan, Evansville, Ind., on brief; Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.
 Herbert L. Segal, Louisville, Ky., for intervenor; Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, Ky., on brief.
 Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 
 ORDER.
 
 1
 We consider the application of the National Labor Relations Board for enforcement of its order reported at 187 NLRB No. 2 in which the Board found that respondent had violated Sec. 8(a) (1) of the National Labor Relations Act (29 U.S.C. Sec. 158(a) (1)) by impermissible interrogation of employees, by threats of reprisals for union activity, by establishing a no-distribution and no-solicitation rule for the purpose of interfering with organizational activities, by promising employee benefits as an inducement not to support the union, by withdrawing employee privileges in retaliation for union activities, by engaging in improper surveillance of employees, and by telling employees that agents of management were surveying their union activities. It also found that the company violated Sec. 8(a) (3) and (1) of the Act, 29 U.S.C. Secs. 158(a) (3), (1), by discharging two employees because of union activities. The Board further found that the company violated Sec. 8(a) (5) and (1) of the Act, 29 U.S.C. Secs. 158(a) (5), (1), by refusing to recognize and bargain with the Union on the basis of a majority of authorization cards. The Board determined that the bargaining order was an appropriate remedy because the company's unfair labor practices made it unlikely that their coercive effects would be neutralized by conventional remedies so as to produce a fair election.
 
 
 2
 Respondent contends that there is not substantial evidence on the record as a whole to support the Board's findings of unfair labor practices and that the bargaining order is not an appropriate remedy for any unfair labor practices which may have been committed.
 
 
 3
 We determine that there was sufficient evidence on the record considered as a whole to substantiate the findings of fact made by the Board and we further determine that these findings justify the legal conclusions reached and that the remedy is appropriate. See N. L. R. B. v. Gissel Packing, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).
 
 
 4
 For these reasons, we hereby order enforcement of the Board's order.